IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHARI L. SIMON,
     Plaintiff,

vs.                                            Case No. 07-1291-JTM

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,
     Defendant.

MEMORANDUM AND ORDER

Plaintiff filed the present action following a denial of her application for disability insurance benefits and supplemental security income (SSI). For the following reasons, the court denies plaintiff's appeal.

Plaintiff filed an application for supplemental security income on April 3, 2006. (Tr. at 4I). Plaintiff's application was denied initially and upon reconsideration. (Tr. at 4U-13, 21-24). Plaintiff filed a request for hearing on October 23, 2006. (Tr. at 4I). Administrative Law Judge ("ALJ") Edmund C. Werre held a hearing on June 6, 2007. (Tr. at 450). Judge Werre issued an unfavorable decision on June 19, 2007. (Tr. at 4F-4T). The Appeals Council denied the plaintiff's request for review on August 21, 2007. (Tr. at 3B-3E).

Plaintiff makes three claims on appeal: 1) the ALJ erred in concluding that plaintiff did not suffer a severe mental impairment in step two of the sequential evaluation process; 2) the residual functional capacity ("RFC") as determined by the ALJ does not properly reflect the evidence of

record; and 3) the decision is against the great weight of the evidence as the ALJ failed to perform a proper credibility analysis in accord with Social Security Ruling 96-7p and Tenth Circuit case law.

This court's review is limited to determining whether the decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Hamilton v. Sec'y of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992)*; Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. Reversal is appropriate if the agency fails to apply the correct legal standards or fails to demonstrate reliance on the correct legal standards. *Hamlin*, 365 F.3d at 1214.

Under 20 C.F.R. § 404.1512(a), plaintiff must demonstrate that she was unable to work because of a medically determinable impairment which lasted for a continuous period of at least 12 months. *See* 20 C.F.R. § 404 1512(a). *See also Mathews v. Eldridge*, 424 U.S. 319, 336 (1976); *Barnhart v. Walton*, 535 U.S. 212 (2002) (upholding the Commissioner's interpretation of the statutory definition which requires that the disability, not only the impairment, must have existed or be expected to exist for 12 months). The ALJ uses a five-step sequential evaluation process ("SEP") in assessing disability claims. *See* 20 C.F.R. § 404.1520 (2005). In steps 1-3, the ALJ determines whether plaintiff is engaged in substantial gainful activity, whether she has a medically determinable impairment that is "severe" under the Act, and whether plaintiff suffers from an impairment that meets or equals any impairment listed in 20 C.F.R. pt. 404, subpt. P, App.1. *Id*.

Step four of the process has three phases. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996). The first phase requires an evaluation of the claimant's residual functional capacity. *Id.* at 1023. The second phase entails an examination of the demands of the claimant's past relevant work. *Id*. In the third phase, "the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id*. Specific findings are required at all phases. *Id*.

In the present case, the ALJ determined that plaintiff suffered from the following severe impairments: (1) degenerative disc disease of the cervical and lumbar spines; (2)status-post C5-6 fusion and L4-5 laminectomy and microdiscectomy x 2; (3) right knee impairment; (4) left shoulder impairment; (5) bilateral carpal tunnel syndrome; (6) status-post remote (1992) releases and (7) obesity (Tr. at 4L), but found these impairments were not sufficiently severe to satisfy the 20 C.F.R. pt. 404, subpt. P, App.1 standard. (Tr. at 4L-4M). Judge Werre also received testimony from a vocational expert (Tr. at 484-88), concluding plaintiff was not disabled as defined by the Act and could perform work existing in significant numbers in the national economy. (Tr. at 4R-4T).

Plaintiff first claims the ALJ erred in concluding that she did not suffer a severe mental impairment in step two of the sequential evaluation process. An impairment must be established by medical evidence, and must last for a continuous period of at least 12 months. 20 C.F.R. § § 404.1508, 404.1509, 416.908 and 416.909. The plaintiff did not produce medical evidence that supported a finding of a severe mental impairment. The ALJ found that depression was not a medically determinable impairment. (Tr. at 4L). The Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

to last for a continuous period of not less than 12 months." 42. U.S.C. § 423(d)(1)(A). Medical signs and laboratory findings, established by medically acceptable clinical or laboratory diagnostic techniques, must show the existence of a medical impairment(s) that results from anatomical physiological, or psychological abnormalities and that could reasonably be expected to produce the pain or symptoms alleged. 20 C.F.R. § 416.929(b). Social Security Ruling (SSR) 96-4p further states "[n]o symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment." SSR 96-4p.

The ALJ reviewed the evidence and noted that no medical source had documented any objective findings or observations of depression. (Tr. at 4L). While plaintiff alleges that several doctors have diagnosed her with depression, the record clearly shows that these diagnoses not only were not based on a mental status examination or other objective measures (Tr. at 203, 238, 408, and 435), but that plaintiff has been inconsistent in her claims. On June 14, 2006, Lauren Cohen, a psychologist, reviewed the evidence in the record and found that plaintiff had no medically determinable mental impairment. (Tr. at 267). Plaintiff initially told Disability Determination Services that depression was not an issue for her. (Tr. at 267). She later called back to say she might have some problems with depression. (Tr. at 267). Dr. Martin Ward arranged a mental status consultative examination on May 25, 2006. (Tr. at 267 and 491-93). On that same date, the plaintiff reported that she was not depressed. (Tr. at 267 and 491). Dr. Ward went on to note that the plaintiff did not meet the criteria for any type of depressive disorder. (Tr. at 493).

Additionally, plaintiff did not allege depression or anxiety as a basis for disability in the disability report. (Tr. at 113). She testified she had never taken any anti-depressant medication for more than a week at a time (Tr. at 477) and that she was a "very upbeat, optimistic person". (Tr. at 472). In fact, she testified that "[u]sually I'm a very happy person." (Tr. at 472).

Plaintiff has also failed to identify any limitations resulting from her claimed depression. The mere diagnosis of an impairment is not evidence of functional limitations. *See Bernal v. Bowen*, 851 F.2d 297, 301 (10th. Cir. 1988) (the focus is not on the diagnosis, but on the extent to which the plaintiff had limitations preventing regular employment); *See also Trenary v. Bown*, 898 F.2d 1361, 1364 (8th Cir. 1990) (the mere presence of a mental disturbance is not disabling per se, absent a showing of severe functional loss establishing an inability to engage in substantial gainful activity). The record does not support a finding that the plaintiff's alleged depression has any effect on her ability to perform basic work activities or to function generally. The ALJ correctly determined that plaintiff did not suffer from a severe mental impairment.

Plaintiff next claims that ALJ's RFC determination does not reflect the record evidence as it: 1) does not address the plaintiff's documented difficulty standing; and 2) does not provide any limitations for the plaintiff's degenerative disc disease of the cervical spine, left shoulder impairment and bilateral carpal tunnel syndrome. RFC is what a person can do despite his or her limitations. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). The ALJ found that the plaintiff retained the RFC to perform work with the following limitations: (1) lifting and carrying no more than 10 pounds; (2) sitting 6 hours in a 8-hour workday and (3) standing or walking 2 hours in a 8-hour workday with the opportunity to change positions every 30 minutes. (Tr. at 4M). He also determined the plaintiff could not perform work that required climbing and she should

avoid concentrated exposure to temperature extremes and hazards. (Tr. at 4M). The RFC, with the noted limitations, is firmly grounded in the record. Dr. Abay recommended a Functional Capacity Evaluation ("FCE"), which showed plaintiff could lift 30 pounds occasionally, 15 pounds frequently and 2 pounds constantly. (Tr. at 432). Plaintiff could push and pull 32 pounds occasionally, 16 pounds frequently and 6 pounds constantly. (Tr. at 432). Plaintiff could kneel frequently and squat, climb stairs or ladders occasionally. (Tr. at 432). The FCE also indicated that the plaintiff could stand 67 percent of a workday. (Tr. at 4N and 440). In September 2006, nerve conduction studies performed on the plaintiff were normal with no evidence of neuropathy or radiculopathy. (Tr. at 4P and 308).

Plaintiff also testified that the only pain medication she took was ibuprofen and that was only occasionally. (Tr. at 466). Her failure to take potent pain medication is inconsistent with allegations of disabling pain. *See McKenney v. Apfel*, 38 F.Supp. 2d 1249, 1256 (D. Kan. 1999) (ALJ properly found claimant's pain was not disabling where claimant failed to receive ongoing medical treatment for back problem and failed to take potent pain medication; *Kirby v. Callahan*, 975 F. Supp. 1290, 1292 (D. Kan. 1997) (allegations of disabling pain may be discounted because of inconsistencies such as lack of significant pain medication). She also noted, in a report dated April 19, 2006, that she: 1) cared for her personal needs; 2) cared for her husband and children; 3) cooked simple meals; 4) did laundry; 5) washed dishes; 6)rode in cars; 7) shopped; 8) paid bills; 9) watched television; 10) read; 11) worked crossword puzzles; and 12) visited her family. (Tr. at 4Q and 121-27). Daily activities may be considered, along with other evidence, in determining whether a person is entitled to disability benefits. *See Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988); *Talbot v. Heckler*, 814 F.2d 1456, 1462 (10th Cir. 1987).

Plaintiff testified she needed to lie down for five to six hours per day. (Tr. At 4Q and 466-67). The ALJ found that allegation not credible – the record did not reflect persistent and continuing complaints about this problem to plaintiff's treating physicians. (Tr. at 4Q-R). *See Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995) (ALJ's finding that the claimant's testimony that claimant needed a two-hour nap each day was not credible because claimant failed to report such a restriction to a physician); *McKenney v. Apfel*, 38 F. Supp. 2d 1249, 1256 (D. Kan. 1999) (claimant's failure to tell treating or examining physicians about having to lie down after being up two to three hours supports the ALJ's finding that claimant's complaints were not credible).

The ALJ also found that the plaintiff was not compliant with physician recommendations to lose weight and stop smoking to improve the effect of impairments. (Tr. at 4R). In July and August of 2004, two of the plaintiff's treating physicians recommended that she lose weight and quit smoking. (Tr. at 4R, 166-67 and 437). In July of 2005, the plaintiff's weight was 310. Dr. Abay recommended that the plaintiff see a dietician and lose at least 30 pounds in 6 months. (Tr. at 4R and 435). On June 6, 2007, the plaintiff testified at the administrative hearing that she now weighed 325 pounds. (Tr. at 4R and 483). Noncompliance with treatment is a proper factor in the credibility analysis. *See Dellinger v. Barnhart*, 298 F. Supp. 2d 1130, 1137-38 (D. Kan. 2003); *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) (failure to follow recommended course of treatment weighs against claimant's credibility).

The ALJ found that plaintiff's statements were not consistent with information provided by medical sources nor were they consistent themselves. (Tr. at 4R). The ALJ noted the plaintiff's reports to medical sources were inconsistent and were inconsistent with statements made at the administrative hearing. (Tr. at 4R). The ALJ may discount subjective complaints of pain if

7

inconsistencies are apparent in the evidence as a whole. *See Musgrave v. Sullivan*, 966 F.2d 1371 (10th Cir. 1992); *Hamilton v. Sec'y of Health & Human Servcs.*, 961 F.2d 1495, 1499 (10th Cir. 1992); and *Yeates v. Barnhart*, 187 F. Supp. 2d 1318, 1332 (D. Kan. 2002).

The plaintiff also alleges that the RFC did not reflect limitations for all of her severe impairments. The ALJ considered and discredited the opinion of Linus Ohaebosim. (Tr. at 4P). Dr. Ohaebosim indicated that the plaintiff could stand or walk only 3 hours in an 8 hour workday and sit for only 4 hours in an 8 hour workday. (Tr. at 4P and 404). The ALJ noted that Dr. Ohaebosim saw the plaintiff on only three occasions. (Tr. at 4P). *See* 20 C.F.R. §§ 404.1527(d)(2)(I), 416.927(d)(2)(I) (the length of the treatment relationship and frequency of examination are important factors in assessing the weight of a medical opinion). Generally, a physician will be considered a treating source only if the phsycian has seen the claimant "a number of times and long enough to have obtained a longitudinal picture of the claimant's impairment." *Doyal v. Barnhart*, 331 F.3d 758, 763 (10th Cir. 2003); *see Randolph v. Barnhart*, 386 F.3d 835, 840 (8th Cir. 2004). Dr. Ohaebosim treated the plaintiff for the following complaints: 1) a sleep disorder; 2) difficulty swallowing; 3) reflux esophagitis; and 4) tooth infection. (Tr. at 4P and 407-412). Dr. Ohabosim never treated the plaintiff for back pain. Finding that Dr. Ohaebosim's opinion was inconsistent with the other evidence in the record (Tr. at 4P), the ALJ properly found that Dr. Ohaebosim's opinion was not entitled to substantial or controlling weight. *See Branum v. Barnhart*, 385 F.3d 1268, 1274-75 (10th Cir. 2004) (court upheld ALJ's rejection of treating physician's opinion, in part, because the physician saw plaintiff infrequently and the only treatment was medical prescriptions) .

The Court finds the ALJ properly determined plaintiff's RFC, and the RFC has substantial support in the record. The ALJ limited plaintiff to sedentary work with a sit/stand option. (Tr. at 4M). Sedentary work activity requires lifting 10 pounds at most. (Tr. at 4M). The RFC appropriately addresses the plaintiff's limitations.

The plaintiff's final allegation is the ALJ's decision is against the great weight of the evidence. Specifically, plaintiff claims the ALJ failed to perform a proper credibility analysis in accord with Social Security Ruling 96-7p and Tenth Circuit case law. The ALJ unquestionably reviewed the entire record. Having the responsibility to resolve inconsistencies in the record, the ALJ found that plaintiff's subjective complaints were not completely credible. The record as a whole did not support a finding that the plaintiff suffered from significant limitations.

In evaluating subjective complaints, the Tenth Circuit, in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), stated that courts must weigh the following: 1) whether claimant proves with objective medical evidence an impairment that causes pain; 2) if so, whether a loose nexus exists between the impairment and the subjective complaints of pain; and 3) if so, whether the pain is disabling based upon all objective and subjective evidence. The ALJ must consider fully all evidence relating to the claimant's subjective complaints, including such factors as the claimant's activities of daily living; the location, duration, frequency, and intensity of the claimant's symptoms; the existence of any precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medications taken by the claimant to relieve symptoms; any measures other than medication taken by the claimant to relieve symptoms; and any other factors concerning the functional limitations of the claimant. *See Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir.1988) (ALJ may consider claimant's daily activities in determining whether he is entitled

to disability benefits); *Qualls v. Apfel*, 206 F.3d 1368, 1372-73 (10th Cir. 2000) (ALJ may properly consider what attempts plaintiff has made to relieve his pain, including whether he took pain medication, in evaluating his credibility).

The record fully supports the ALJ's credibility determination. The court finds it to be in accord with Social Security Ruling 96-7P and Tenth Circuit case law.

IT IS ACCORDINGLY ORDERED this 16th day of March, 2009, that plaintiff's appeal is denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE